UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

BUFFALO INTELLIGENT
TECHNOLOGY SYSTEMS, LLC,

    Plaintiff,

v.

MARCH, LLC,

    Defendant.

24-CV-1111 (JLS) (MJR)

---

### DECISION AND ORDER

Plaintiff Buffalo Intelligent Technology Systems, LLC commenced an action in Supreme Court, Erie County on September 25, 2024, asserting a breach of contract claim against Defendant March, LLC. *See* Dkt. 1 at 11.[1] Defendant removed the action to the United States District Court for the Eastern District of Pennsylvania on October 16, 2024. *See* Dkt. 1. The case was then transferred to this Court on November 19, 2024. Dkt. 9. This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 11.

On December 17, 2024, Defendant moved to dismiss or, in the alternative, to transfer venue. Dkt. 14. Plaintiff opposed the motion, Dkt. 18, and Defendant replied. Dkt. 20. The parties then submitted supplemental briefing. Dkt. 22, 23.

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

On June 10, 2025, Judge Roemer issued a Report and Recommendation ("R&R") recommending that Defendant's motion be denied in its entirety. *See* Dkt. 24. Defendant objected to the R&R. Dkt. 25. Specifically, Defendant argues that the R&R erred by:

- overlooking that neither Plaintiff nor the agreement at issue in this matter can be the only links between Defendant and New York and that Defendant's own conduct must form the necessary connection with New York;
- concluding that Defendant has an ongoing contractual relationship with Plaintiff and that Plaintiff and Defendant's relationship had a continuing nature;
- concluding that Defendant should have reasonably foreseen the possibility of being haled into a New York court in the event of a dispute about the software or support services that were the subject of the contract;
- relying on district court cases to support its recommendations; and
- relying on New York state cases to support its recommendations.

*See id.* Plaintiff opposed the objections, Dkt. 27, and Defendant replied. Dkt. 28.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

2

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

For the reasons above and in the R&R, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED, and its motion for transfer of venue is further DENIED. The case is referred back to Judge Roemer in accordance with the [11] referral order.

SO ORDERED.

Dated:    July 23, 2025
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE